UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PRENTERS BROUGHTON III,

                    Petitioner,

        v.

RON HAYNES,

                    Respondent.

CASE NO. 3:16-CV-05734-BHS-JRC

REPORT AND RECOMMENDATION

NOTED FOR: DECEMBER 30, 2016

        Petitioner Prenters Broughton III filed a 28 U.S.C. § 2254 habeas petition challenging his 2001 jury conviction of first degree robbery. Dkt. 5.  Respondent contends that the petition is barred by the federal statute of limitations.  Dkt. 10.  Petitioner did not file a reply.

        The Court finds that petitioner's federal habeas corpus petition is untimely because this federal habeas petition was filed more than one year after his state court judgment became final. There are no extraordinary circumstances in his case that require the application of equitable tolling principles.  Therefore, this federal habeas petition should be dismissed with prejudice. The Court also recommends the denial of a certificate of appealability.

1

## STATE COURT PROCEDURAL BACKGROUND

2

**1.  <u>Direct Appeal</u>**

3   Petitioner appealed his 2001 conviction of first degree robbery.  Dkt. 11, Exhibit 2,

4   Exhibit 3.  The Washington Court of Appeals affirmed his judgment and sentence in an

5   unpublished opinion.  *Id*., Exhibit 5.  Petitioner filed a petition for review and the petition was

6   denied by the Washington Supreme Court on May 28, 2003.  *Id*., Exhibit 6, ACORDS printout

7   for Cause No. 73286-8.[1]

8

**2.  <u>First Personal Restraint Petition</u>**

9   On November 29, 2003, petitioner filed a motion to modify, *id.,* Exhibit 7, which the

10  superior court transferred to the Washington Court of Appeals as a personal restraint petition.

11  Dkt. 11, Exhibit 8.  The Washington Court of Appeals dismissed the petition.  *Id*., Exhibit 8.

12  Petitioner moved for discretionary review.  *Id*., Exhibit 9, ACORDS printout for Cause No.

13  75059-9.[2]  On March 19, 2004, the Washington Supreme Court denied the motion for review. *Id.*

14  On July 7, 2004, the Washington Supreme Court denied petitioner's motion to modify the

15  commissioner's ruling. *Id.*

16

**3.  <u>Second Personal Restraint Petition</u>**

17  On August 23, 2005, petitioner filed his second personal restraint petition.  *Id*., Exhibit

18  10.  The Washington Court of Appeals dismissed the petition as untimely.  *Id*., Exhibit 13.

19  Petitioner moved for review.  *Id*., Exhibit 14.  The Washington Supreme Court denied the motion

20  on May 26, 2006.  *Id*., Exhibit 15, ACORDS Cause No. 78430-2.[3]

21

22

[1] The Washington Supreme Court clerk notified respondent that the file was destroyed.

23  [2] The Washington Supreme Court clerk notified respondent that the file was destroyed.

[3] The Washington Supreme Court clerk notified respondent that the file was destroyed.

24

4.  **Third Personal Restraint Petition**

Eight years later, on April 14, 2014, petitioner filed his third personal restraint petition. Dkt. 11, Exhibit 16.  The Washington Court of Appeals dismissed the petition as untimely.  *Id*., Exhibit 18. Petitioner moved for reconsideration, which the court construed as a motion for discretionary review. *Id*., Exhibit 19.  The Washington Supreme Court denied review, finding that the petition was untimely. *Id.,* Exhibit 20.  Petitioner moved to modify the commissioner's ruling.  *Id*., Exhibit 21.  On September 30, 2016, the Washington Supreme Court denied the motion to modify.  *Id*., Exhibit 22.

5.  **Fourth Personal Restraint Petition**

On June 15, 2015, petitioner filed another petition, this time directly in the Washington Supreme Court. Dkt. 11, Exhibit 23.  The Washington Supreme Court transferred the petition to the Washington Court of Appeals and the Washington Court of Appeals dismissed the petition as untimely.  *Id*., Exhibit 25. Petitioner moved to modify, which the state court construed as a motion for discretionary review. *Id*., Exhibit 26.  The Washington Supreme Court denied review, finding that the petition was untimely. *Id.,* Exhibit 27.  Petitioner moved to modify the commissioner's ruling.  *Id*., Exhibit 28. On February 10, 2016, the Washington Supreme Court denied the motion to modify.  *Id*., Exhibit 29.

6.  **Fifth PRP**

In July 2015, petitioner filed two motions with the Washington Court of Appeals. Dkt. 11, Exhibits 30, 31. The Washington Court of Appeals construed these motions as petitioner's fifth personal restraint petition. *See id.*  The Washington Court of Appeals dismissed the petition as untimely.  *Id*., Exhibit 32. Petitioner did not petition the Washington Supreme Court for review.

1                                    **DISCUSSION**

2        **A.  Grounds for Relief**

3            Petitioner raises three grounds for relief:

4            [Ground One:] THE PERSISTENT OFFENDER ACCOUNTABILITY ACT
             PRESENTS AN AGGRAVATED CRIME.

5            …

6
             [Ground Two:] allyne v. united states's retroactivity [sic]

7            …

8
             [Ground Three:] PETITIONER'S CONVICTION, UNDER THE POAA
9            VIOLATES EX POST FACTO DOCTRINE.

10   Dkt. 5 at 5-8.

11       **B.  Statute of Limitations - 28 U.S.C. § 2244(d)**

12           The Antiterrorism and Effective Death Penalty Act ("AEDPA") established a statute of

13   limitations for petitions filed by prisoners challenging their custody under a state court judgment

14   and sentence.  28 U.S.C. § 2244(d).  Where the challenged judgment became final after April 24,

15   1996, the statute generally begins to run from "the date on which the judgment became final by

16   conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. §

17   2244(d)(1)(A).  For purposes of 28 U.S.C. § 2244(d)(1)(A), direct review generally concludes

18   and the judgment becomes final either upon the expiration of the time for filing a petition for

19   writ of certiorari with the Supreme Court, or when the Court rules on a timely filed petition for

20   certiorari.  *Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999).  The time period for seeking

21   certiorari is ninety days, according to the Supreme Court Rule 13.  *Id.*  However, the judgment

22   becomes final on an earlier date where the direct review has terminated prior to reaching the

23   state's highest court.  *Gonzalez v. Thaler*, 132 S. Ct. 641, 652-56 (2012); *Wixom v. Washington*,

24

1   264 F.3d 894 (9th Cir. 2001).  If the petitioner never files a timely direct review, the direct

2   review process concludes upon expiration of time for seeking such review, and the judgment

3   becomes final on that date.  *Gonzalez*, 132 S. Ct. at 653-54.

4        In this case, on direct appeal, the Washington Supreme Court denied petitioner's initial

5   petition for review on May 28, 2003.  Dkt. 11, Exhibit 6.  Thus, the AEDPA's one-year statute of

6   limitations began running 90 days later, on or about August 28, 2003.  Petitioner filed his first

7   personal restraint petition on November 29, 2003.  Dkt. 11, Exhibit 7.  By that date, 93 days of

8   the AEDPA's one-year statute of limitations had passed.  The AEDPA's statute of limitations

9   began running again on July 7, 2004, the day that the Washington Supreme Court denied

10  petitioner's motion to modify.  Dkt. 11, Exhibit 9.  At that time, petitioner had up to April 5,

11  2005, or 272 days remaining on his AEDPA statute of limitations, to file his habeas corpus

12  petition.  He did not file his petition on or before April 5, 2005, the day AEDPA's statute of

13  limitations expired.

14       Petitioner filed his second personal restraint petition on August 23, 2005.  Dkt. 11,

15  Exhibit 10.  However, by that time, the AEDPA statute of limitations had run out and petitioner

16  was time-barred from filing his federal habeas corpus petition.  *See* 28 U.S.C. § 2244(d)(2); *Pace*

17  *v. DiGuglielmo*, 544 U.S. 408, 410 (2005) (an untimely state court petition for post-sentence

18  relief does not toll federal statute of limitations because petition did not constitute a "properly

19  filed" petition); *Allen v. Siebert*, 552 U.S. 3, 6 (2007) (per curiam), *reh'g denied*, 552 U.S. 1132

20  (it is immaterial for purposes of § 2244(d)(2) whether a state time limit is jurisdictional or is

21  instead an affirmative defense).

22       Similarly, the filing of petitioner's third, fourth and fifth personal restraint petitions has

23  no bearing on the fact that his habeas corpus petition is untimely as the AEDPA 28 U.S.C. §

24

1    2244(d) statute of limitations ran out in April 2005 and petitioner's federal habeas petition was

2    not signed and submitted for filing in this Court until August 17, 2016.  Dkt. 1-1 at 15.

3            In addition, petitioner fails to show any basis for equitable tolling.  The AEDPA statute

4    of limitations is subject to equitable tolling where the petitioner pursued his rights diligently and

5    "some extraordinary circumstance stood in his way."  *Holland v. Florida*, 560 U.S. 631, 649

6    (2010) (*quoting Pace*, 544, U.S. at 418).  Equitable tolling is appropriate where external forces,

7    rather than the petitioner's lack of diligence, account for the failure to file a timely petition.

8    *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999).  Whether a petitioner is entitled to

9    equitable tolling is a fact-specific inquiry.  *Whalem/Hunt v. Early*, 233 F.3d 1146, 1148 (9th Cir.

10   2000) (en banc).  To receive equitable tolling, a petitioner at the very least must show the

11   extraordinary circumstances "were the but-for and proximate cause of his untimeliness."  *See*

12   *Miles*, 187 F.3d at 1105-07 (equitable tolling appropriate where prison official failed to properly

13   process for mailing a timely submitted petition); *Frye v. Hickman*, 273 F.3d 1144 (9th Cir. 2001)

14   (equitable tolling not appropriate where attorney miscalculated the statute of limitations

15   deadline).

16           Petitioner does not demonstrate any extraordinary circumstance that prevented him from

17   filing a timely habeas corpus petition.  Accordingly, the undersigned concludes that his petition

18   is time barred under 28 U.S.C. § 2244(d)(1) and should be dismissed.

19   **C. Certificate of Appealability**

20           A petitioner seeking post-conviction relief under 28 U.S.C. § 2254 may appeal a

21   district court's dismissal of the federal habeas petition only after obtaining a certificate of

22   appealability from a district or circuit judge.  A certificate of appealability may issue only if

23   petitioner has made "a substantial showing of the denial of a constitutional right."  *See* 28 U.S.C.

24

§ 2253(c)(2). Petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (*citing Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Pursuant to this standard, this Court concludes that petitioner is not entitled to a certificate of appealability with respect to this petition.

## CONCLUSION

Based on the foregoing, the Court recommends that this petition (Dkt. 5) be dismissed with prejudice. No evidentiary hearing is required and a certificate of appealability should be denied.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure (Fed. R. Civ. P.), the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **December 30, 2016**, as noted in the caption.

Dated this 6th day of December, 2016.

J. Richard Creatura
United States Magistrate Judge